**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| ANDREW ENGRAM * | |
| * | |
| Petitioner * | |
| * | |
| VS. * | |
| * | NO: 5:02CV00010   SWW |
| LARRY NORRIS, Director Arkansas * | |
| Department of Correction * | |
| * | |
| Respondent * | |
| * | |
| * | |

**ORDER**

On January 9, 2002, Petitioner, Andrew Raymond Engram, sentenced to death for murder and confined at the Maximum Security Unit of the Arkansas Department of Correction, commenced this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 18, 2003, Petitioner requested leave to file an amended petition adding additional grounds for relief, including a claim that he is mentally retarded and that his execution is barred under *Atkins v. Virginia*, 536 U.S. 304, 122 S. Ct. 2242 (2002).

The Court granted the motion to amend, but raised the question of whether Petitioner had exhausted his state remedies with respect to his *Atkins* claim. After briefing from the parties, the Court determined that Petitioner had not presented the federal constitutional dimensions of his *Atkins* claim to the state courts. Finding a substantial possibility that the Arkansas Supreme Court would recall the mandate to consider Engram's *Atkins* claim and noting that the Supreme Court has left to the States "the task of developing appropriate ways to enforce the constitutional

restriction upon [their] execution of sentences, *Atkins*, 536 U.S. at 317, 112 S. Ct. at 2250, the Court permitted Petitioner to dismiss his amended petition without prejudice in order to exhaust any available state remedies with respect to his *Atkins* claim. Additionally, the Court granted Petitioner leave to file a second amended petition that would relate back to his original, timely-filed petition once he concluded his efforts to exhaust available remedies in state court. The Court ordered Petitioner to file monthly status reports informing the Court of his progress and stated, "If Petitioner is dilatory in exhausting his state remedies the Court will take action to guarantee that this habeas action proceeds without delay." Docket entry #447, at 13.

On December 16, 2004, the Arkansas Supreme Court denied Petitioner's motion to recall the mandate in his criminal case to consider his *Atkins* claim, and on June 27, 2005, the United States Supreme Court denied his petition for writ of certiorari. *See Engram v. State*, 360 Ark. 140, 200 S.W.3d 367 (2004), *cert. denied*, 545 U.S. 1142, 125 S. Ct. 2965 (2005). Subsequently, Petitioner informed the Court: "There is one additional avenue of relief under Arkansas law that may be available to Petitioner and therefore needs to be pursued to ensure that Petitioner has provided the state courts with the first opportunity to correct constitutional deficiencies that have occurred and to fully exhaust his claims before returning to federal court." Docket entry #74. According to Petitioner's monthly status reports, on September 27, 2006, he filed a petition for post-conviction relief in state court, which is still pending.

The Court finds that Petitioner's current proceeding in state court is unnecessarily delaying the resolution of his habeas petition and that this case should be reopened immediately. Petitioner has up to and including fifteen (15) days from the entry date of this order in which to file any objection to the Court's proposed course of action.

IT IS SO ORDERED THIS 20TH DAY OF MARCH, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE